## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JESSIE ALEXANDER**                                          **CIVIL ACTION**

**VERSUS**                                                        **NO. 14-2795**

**MAGNOLIA MARINE TRANSPORT CO.**                      **SECTION "K"(3)**

### ORDER AND REASONS

Before the Court is a Motion to Remand (Doc. 7) filed by plaintiff Jesse Alexander. Alexander maintains that his Jones Act suit filed in state court is not subject to removal and must be remanded.   Having reviewed the pleadings, memoranda and the relevant law, the Court finds merit in the motion.

**Background**

Jesse Alexander ("Alexander") was a member of the crew of the MARI LAMPTON which was owned, operated, and maintained by Magnolia Marine Transport Company.  The vessel was on navigable water in and around St. James Parish when Alexander allegedly sustained severe shoulder, neck and back injuries in the service of the vessel.  On October 30, 2014, he filed this suit in St. James Parish asserting claims under the Jones Act and general maritime law.  On December 10, 2014, Magnolia removed this suit citing,, *inter alia,* 28 U.S.C. §1441(a) "because the plaintiff's claims for maintenance and cure and unseaworthiness are within the original jurisdiction of the federal district court pursuant to 28 U.S.C. § 1333." (Doc. 1, ¶¶ X and XI).  Thus, defendant contends that there is original jurisdiction under the admiralty jurisdiction of this Court.

In essence, defendant claims that under the amendments to the removal statute, 28 U.S.C. § 1441, specifically the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112-63, 125 Stat. 758, ("2011 Amendments"), plaintiff's claims can be properly removed to federal court.  Defendant contends that federal courts have original jurisdiction over plaintiff's unseaworthiness and general maritime claims under 28 U.S.C. § 1333.  Because plaintiff's claims include those claims, Magnolia maintains that they are subject to federal courts' original jurisdiction based on the analysis found in *Ryan v. Hercules Offshore, Inc.*, 2013 WL 1967315 (S.D. Tex. May 13, 2013).   As this court explained in *Gregoire v. Enterprise Marine Services, LLC*, 38 F. Supp.3d 749 (E.D.La. 2014), the *Ryan* court reasoned that:

> the 2011 Amendments struck a clause from §1441(b) that prevented general maritime law claims (alone) from being removed as it was an "Act of Congress" that prohibited removal under 1441(a); because § 1333 also grants jurisdiction to the federal courts over admiralty and maritime matters, then, the *Ryan*  court reasoned that general maritime law claims have become removable.

*Id*. at 754.

This court rejected this notion concluding "that it is precisely 'the statutory grant of admiralty jurisdiction, 28 U.S.C. §1333, and more than 200 years of precedent interpreting this grant' rather than the 2011 amendment to the removal statute" that determines the removability of a seaman's claims.  Simply stated "general maritime law claims are not now removable nor have they ever been–without an independent basis of jurisdiction other than 28 U.S.C. § 1333, and defendant may not elude the non-removable nature of Jones Act claims when such claims are asserted in conjunction with general maritime law claims under Section 1441(c)."  *Id.*

As this Court explained in *Gregoire:*

> Under Section 1441(a), removal of civil actions is permitted where the federal district court has "original jurisdiction" over the claim.  Section 1333

2

provides jurisdiction to the federal court exclusively for *in rem* actions and concurrently with the state courts for *in personam* actions; without more, removal of maritime cases instituted in state courts appears to apply, superficially, under Section 1441(a).  Yet Congress carefully wrought Section 1333 to balance interests of federalism and recognize historical development of maritime law in state courts by including the saving to suitors clause.  Maritime claims initiated in state court are, by definition, brought at common law under the saving to suitors clause as an "exception" to the original jurisdiction of the federal courts.[1]  If state court maritime cases were removable under Section 1333, the effect would be tantamount to considering all maritime law claims as part of federal question jurisdiction under Section 1331, eviscerating the saving to suitors clause and undermining the holding and policies discussed at length in *Romero*.  That the saving to suitors clause does not guarantee a non-federal forum but only common law remedy, a rule oft cited by the Fifth Circuit,[2] does not lead to the conclusion that the suit is invariably removable.  As already established, maritime law claims brought under the saving to suitors clause in state court have traditionally required some other basis of jurisdiction independent of Section 1333 to be removable, supported by practical reasons and sound policy.

Congress' 2011 amendments to Section 1441 do not alter this conclusion. Though *Dutile* determined that "[a]ny other such action" under Section 1441(b) was an "Act of Congress" prohibiting removal of saving to suitors clause cases absent diversity and out-of-state defendants, the removal of this language in no way modified the long-standing rule that general maritime law claims require some other non-admiralty source of jurisdiction to be removable.  Congress has not given any indication that it intended to make substantive changes to removal of admiralty matters, and the Fifth Circuit has not indicated otherwise.  Despite the present debate over formalistic administration of admiralty law in the context of removal jurisdiction versus adherence to traditional admiralty procedure,[3] this Court is bound to follow the clear precedent before it.  Therefore, this Court finds that general maritime law claims are not removable under Section 1333 as part of the original jurisdiction of the court and require an independent basis of jurisdiction.

---

[1] *See Barker*, 713 F.3d at 222 ("[A]dmiralty jurisdiction is not present in this suit because Barker filed in state court, therefore invoking the saving-to-suitors exception to original admiralty jurisdiction."); *Linton*, 964 F.2d at 1487 ("Because admiralty jurisdiction is exclusively federal, a true 'admiralty' claim is never cognizable in state court.").

[2] *See, e.g.*, *Barker*, 713 F.3d at 220 (the saving to suitors clause does not guarantee a non-federal forum); *Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063, 1066 (5th Cir. Unit A June 1981).

[3] *See generally* Bahadur, *supra* note 44; Freidell, *supra* note 44; Robertson & Sturley, *supra* note 61.

*Id.* at 764. *See also Mims v. Deepwater Corrosion Services, Inc.*, 2015 WL 1185817, *6
(S.D.Tex. March 16, 2015) and cases cited therein agreeing with this interpretation. The Court
will not revisit this decision.

In addition, Alexander included in his state suit a Jones Act claim, 46 U.S.C. §30104.
This claim is non-removable by the Jones Act's incorporation of the general provision of the
Federal Employers' Liability Act, which expressly bars removal of suits thereunder. 28 U.S.C. §
1445(a). *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 356 (5th Cir. 1999); *Lirette v. N.L. Sperry
Sun, Inc.* 810 F.2d 533, 535 (5th Cir. 1984). In *Marvin v. American Export Lines, Inc.*, 2014 WL
4924341 (M.D. La. Sept. 30, 2014), the district court found that where a state court suit contains
a claim that is statutorily non-removable [e.g. a Jones Act claim] and there is no federal question
jurisdiction, removal is unavailable.

It reasoned:

Section 1441(c) permits removal of a "claim" not within the original or
supplemental jurisdiction of the district court, or a "claim that has been made non-
removable by statute, when joined with "a claim arising under the Constitution,
laws or treaties of the United States". The pre-amendment version of § 1441(c)
required, and the post-amendment versions of § 1441(c) still requires, that the
"civil action" include "a claim" within the meaning of § 1331 to remove a
statutorily non-removable "claim" which is part of that civil action. This court
cannot exercise removal jurisdiction without a legal basis on which to remove the
entire state court case–"a civil action."

*Id.* at * 4. As it is clear that maritime claims do not arise under federal question jurisdiction, §
1441(c) is unavailable to plaintiffs. Accordingly,

**IT IS ORDERED** pursuant to 28 U.S.C. § 1447(c), the Motion to Remand (Doc. 7) is

**GRANTED** and this matter is **REMANDED** to the 23rd Judicial District Court of St. James

Parish.

New Orleans, Louisiana, this 19th day of March, 2015.

_____
**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**